### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                            :

PERFECTO H. RIVERA IZQUIERDO, :        CASE NO. 05-07433(SEK)

    DEBTOR                              :        CHAPTER 11

-------------------------------- .

**FILED & ENTERED**

**NOV 1 4 2005**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

### OPINION AND ORDER



The question before this court is whether a conversion to Chapter 7 or a voluntary dismissal would best serve the interest of creditors and the estate in this case. The U.S. Trustee[1] asked for the conversion of the case to Chapter 7 because Debtor is not prosecuting this third bankruptcy case diligently, as shown by: Counsel's absence from the § 341 meeting of creditors, a failure to file schedules, non compliance with other specific requirements set by the U.S. Trustee (the closing and reopening of bank accounts, production of insurance policies and of audited or unaudited financial statements). Debtor answered indicating Counsel's severe back ailment caused the delays mentioned above, but in any event, Debtor agreed to the voluntary dismissal with a one year bar for refiling. Debtors argues that conversion to Chapter 7 is not in the best interest of creditors as encumbrances exceed the market value of his assets.

Our review shows that there is equity in the realty listed in Schedule A that may provide for repayment to creditors if sold in a Chapter 7 liquidation.[2] For this reason, and because this is Debtor's

---

[1] Adrián Cabeza, a secured creditor, joined this request.

[2] See docket entry 19.

2

third case, we deny the request for the voluntary dismissal of this case, and order the case converted to Chapter 7 without further ado.[3]

**SO ORDERED**, in San Juan, Puerto Rico, on November 12, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[3] 11 U.S.C. § 1112(b); *In re Abijoe Realty, Inc.*, 943 F.2d 121 (1st Cir. 1991); 7 *Collier on Bankruptcy*, § 1112.04[6] (15th ed. rev.).